UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DARLENE WHALEY,
an individual

    Plaintiff,

vs.

CASE NO: 3:12-cv-350-H

DENNY'S, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Darlene Whaley ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Denny's, Inc., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Kentucky pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Kentucky.

3. Plaintiff, Darlene Whaley (hereinafter referred to as "Whaley") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Whaley suffers from what constitutes a "qualified disability" under the Americans with

Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is an amputee who requires the use of a wheelchair for mobility. Prior to instituting the instant action, Whaley visited the Defendant's premises at issue in this matter on or about March 28, 2012, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Whaley travels to Louisville, Kentucky frequently to visit with friends who reside there and maintains a bank account in Louisville, Kentucky for convenience given the frequency of her visits. Whaley continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Denny's, Inc., is a corporation registered to do business and, in fact, conducting business in the State of Kentucky. Upon information and belief, Denny's, Inc. (hereinafter referred to as "Denny's") is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, specifically the Denny's located at 434 Eastern Parkway in Louisville, Kentucky (hereinafter referred to as the "Restaurant") located in Louisville, Kentucky.

5. All events giving rise to this lawsuit occurred in the Western District of Kentucky.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by Denny's is a place of public accommodation in that it is a restaurant that is owned and operated

by a private entity and that provide goods and services to the public.

8.　　Defendant, Denny's has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9.　　The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by Denny's. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit on or about March 28, 2012 and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Restaurant in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. Whaley has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.　　Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.　　Denny's is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i)　　Curb ramps protrude into access aisles adjacent to parking spaces designated as accessible;

    (ii)　　Some parking spaces designated as accessible lack access aisles and signage;

3

    (iii)    Van accessible parking is not provided;

    (iv)    Signage is not provided at the toilet rooms;

    (v)    The pipes underneath the lavatory are not insulated;

    (vi)    The path of travel to the lavatory is too narrow for a wheelchair user;

    (vii)    The toilet seat cover dispenser is located over the rear grab bar and out of reach range for a wheelchair user;

    (viii)    The toilet paper dispenser in the accessible toilet stall is too close to the side grab bar;

    (ix)    The coat hook in the accessible toilet stall is too high for a wheelchair user;

    (x)    The door to the accessible stall swings into the toilet stall such that a wheelchair user cannot enter and close the door;

    (xi)    The side grab bar at the accessible water closet is too close to the rear wall.

12.    There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Denny's which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Denny's was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Denny's has failed to comply with this mandate.

15.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by Denny's pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Denny's, Inc. and request the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26 day of June 2012.

Respectfully submitted,

    /s/ Edward I. Zwilling
    Edward I. Zwilling, Esq.
    Schwartz Roller & Zwilling, LLP
    600 Vestavia Parkway, Suite 251
    Birmingham, Alabama 35216
    Telephone:   (205) 822-2701
    Facsimile:   (205) 822-2702
    Email: ezwilling@szalaw.com

6

        /s/ Jerry N. Higgins
        Jerry N Higgins, Esquire
        Law Office of Jerry N. Higgins, PLLC
        Kentucky Bar No: 90310
        3426 Paoli Pike
        Floyds Knobs, IN  47119
        (502) 625-3065-Telephone
        (812) 542-1595-Facsimile
        Email: jnh@jerryhigginslaw.com