UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **DARLENE WHALEY,**       )<br>                                                 )<br>          Plaintiff,                    )<br>                                                 )          Civil Action No. 3:12-CV-350-H<br>     vs.                                      )<br>                                                 )<br>**DENNY'S, Inc.,**                 )<br>                                                 )<br>          Defendant.              )<br>                                                 )<br>                                                 ) | |

## **CONSENT DECREE**

**IT IS HEREBY** stipulated and agreed by and between Plaintiff, Darlene Whaley, ("Plaintiff"), and Defendant, Denny's, Inc., ("Defendant") (collectively, "the Parties") as follows:

**WHEREAS**, Plaintiff filed this action against Defendant for its alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. Section 12181, *et seq*. ("ADA") at the Denny's located at 434 Eastern Parkway in Louisville, Kentucky, pursuant to which Plaintiff sought a permanent injunction and attorney's fees, expenses and costs;

**WHEREAS**, subject to the terms set forth herein, the Parties have agreed to finally resolve any and all claims and disputes by and between them; and

**WHEREAS,** the Parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

**NOW, THEREFORE,** in consideration of the promises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties hereto, intending to be legally bound, hereby agree to the following terms and conditions as full and complete settlement of this action:

## I. ALTERATIONS AND IMPROVEMENTS.

Defendant agrees to remove the alleged barriers on its property at 434 Eastern Parkway in Louisville, Kentucky, as agreed to by the Parties as set forth in their Stipulation of Settlement, and subject to the timetable and terms as set forth in Section III B below.

## II. JURISDICTION.

The Parties hereto agree that this Consent Decree and its construction and interpretation shall be governed by Kentucky law. The Parties further agree that this Court shall retain jurisdiction to enforce, as necessary, the provisions of this Consent Decree.

## III. ENFORCEMENT CONSIDERATIONS.

    **A.**     **READILY ACHIEVABLE.** The Parties hereto acknowledge that the barrier removal agreed to by the Parties and as set forth in this Consent Decree consists of what the Parties believe to be readily achievable and technically feasible pursuant to and for the purposes of Title III of the ADA. The Parties further agree that where, upon implementing the

agreed-upon modifications,[1] it is subsequently discovered that an identified barrier is not technically feasible to be removed in compliance with the ADAAG, or state or local law governing such alterations, Defendant will remove that barrier up to the level that is as readily achievable as possible, and that such modifications shall be considered to be in full compliance with the nondiscrimination requirements of Title III of the ADA.

**B.    TIME FRAME.**

1. Defendant agrees to complete the agreed-upon modifications of its property at 434 Eastern Parkway in Louisville, Kentucky by September 1, 2013.

2. Defendant shall notify Plaintiff's representative upon completion of the modifications. To the extent requested by Plaintiff's representatives, said representatives shall be provided reasonable access to the facility to verify completion of the modifications on one occasion after September 1, 2013. Defendant also agrees to maintain records as to the completion and/or status of the agreed modifications. At the completion of the modifications, if requested by Plaintiff's representatives, Defendant will provide digital photos evidencing that the modifications were completed as agreed.

---

[1] For purposes of this Consent Decree, the word "modifications" is defined as one made for purposes of barrier removal under Title III of the ADA.

    **C.**   **NON-COMPLIANCE.** In the event the alterations and modifications required hereby are not timely completed in all respects, Plaintiff shall be entitled to seek an award for injunctive relief from the Court. The Parties agree that if Defendant has timely commenced the modifications required hereby pursuant to the Section III B above, and has proceeded with the completion thereof in good faith and with due diligence, but has been delayed in the completion thereof due to acts of God, *force majeure*, or events beyond the control of Defendant (such as inability to obtain building or zoning permits, failure of the county inspectors to make inspections, contractor defaults, work stoppages, etc.), and should the Defendant notify the Plaintiff of such prior to the expiration of the time periods agreed to herein, the time periods for completion established hereby shall be extended appropriately.

    **D.**   **ATTORNEY'S FEES.** If any action or proceeding is commenced with regard to the subject matter of the Stipulation of Settlement, the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred, as determined by the Court, in said action or proceeding, promptly reimbursed by the non-prevailing party.

**IV. NON-ADMISSION OF LIABILITY.**

Neither this Consent Decree nor anything contained herein shall constitute or is to be construed as an admission by the Defendant, or by any officials,

contractors or agents of Defendant, of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Consent Decree has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

V.  DISMISSAL OF ACTION.

**Accordingly**, and for the foregoing reasons, this matter shall be **DISMISSED WITH PREJUDICE, subject to the court retaining jurisdiction for enforcement purposes only.**

**SO ORDERED.**

Having seen and agreed to:

*/s/ Emily H. Morris*
Susan C. Sears
ssears@littler.com
Emily H. Morris
emorris@littler.com
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1620
Lexington, KY  40507
Telephone: 859.317.7970

*Attorneys for Defendant*
*Denny's Inc.*

- 5 -

*/s/ Edward I. Zwilling (with permission*
Edward I. Zwilling
ezwilling@szalaw.com
Schwartz Roller and Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702

*Attorney for Plaintiff*
*Darlene Whaley*

Firmwide:117920356.1 053063.1045